UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATIE MORRISON,<br>        Plaintiff,<br>    v.<br>COMMISSIONER OF SOCIAL SECURITY,<br>        Defendant. | Case No. 15-cv-05794 NC<br><br>**ORDER REMANDING CASE TO THE ADMINISTRATIVE LAW JUDGE**<br><br>Dkt. Nos. 19, 20 |

Claimant Katie Morrison appeals the ALJ's finding that she is not disabled. The Court finds that the ALJ erred in rejecting the opinion of Morrison's treating physician because his notes were illegible. Thus, the Court GRANTS Morrison's motion for summary judgment, DENIES the Commissioner's motion, and ORDERS the case remanded to the Social Security Administration for further fact finding.

**I.  BACKGROUND**

Claimant Katie Morrison applied for Social Security disability benefits on August 7, 2012, and Supplemental Security Income Disability benefits on February 7, 2012. A.R. 123-137. She alleges disability based on severe mental impairments of major depressive disorder, panic disorder, and anxiety. After her application was denied, a hearing was held before an Administrative Law Judge ("ALJ") on January 16, 2014.

At Step 1, the ALJ found that Morrison was not engaging in substantial gainful activity. A.R. 22. At Step 2, the ALJ found that Morrison did not have a severe

Case No. 15-cv-05794-NC

1  impairment. A.R. 23. The ALJ concluded that Morrison's medically determinable
2  impairments could reasonably be expected to produce Morrison's symptoms, but found
3  Morrison's statements concerning the intensity, persistence, and limiting effects were not
4  entirely credible. A.R. 24.

5        The ALJ then concluded that Morrison has the residual function capacity to perform
6  medium work, except Morrison is limited to performing simple, routine tasks. A.R. 28. In
7  coming to this conclusion, the ALJ discounted the opinion of Morrison's long time treating
8  physician, Dr. Dennis St. Peter. A.R. 32. Dr. St. Peter opined that Morrison had serious
9  limitations in social or occupational functioning and that she would miss more than four
10 days of work per month. A.R. 32. The ALJ gave little weight to this testimony "because
11 the record does not contain any legible treatment records to support it." A.R. 32.

12       Morrison appealed the ALJ's decision in the district court and moved for summary
13 judgment or remand. Dkt. No. 19. The Commissioner also moved for summary judgment.
14 Dkt. No. 20. All parties have consented to the jurisdiction of a magistrate judge. Dkt.
15 Nos. 7, 9.

16 **II.   LEGAL STANDARD**

17       A district court has the "power to enter, upon the pleadings and transcript of the
18 record, a judgment affirming, modifying, or reversing the decision of the Commissioner of
19 Social Security, with or without remanding the case for a rehearing." 42 U.S.C. § 405(g).

20       The decision of the Commissioner should only be disturbed if it is not supported by
21 substantial evidence or if it is based on legal error. *Burch v. Barnhart*, 400 F.3d 676, 679
22 (9th Cir. 2005). Substantial evidence is evidence that a reasonable mind would accept as
23 adequate to support the conclusion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir.
24 2005) ("[It] is more than a mere scintilla but less than a preponderance."). Where evidence
25 is susceptible to more than one rational interpretation, the ALJ's decision should be
26 upheld. *Andrews v. Shalala*, 53 F.3d 1035, 1039-40 (9th Cir.1995).

## III. DISCUSSION

Morrison argues that the ALJ failed to properly evaluate and credit Dr. St. Peter's testimony. Morrison argues that the ALJ had a duty to contact Dr. St. Peter for clarification if his notes were illegible.

Dr. St. Peter is Morrison's treating physician since 2005, and he provided notes and opinions from 2008 to 2012. An ALJ must provide "specific and legitimate" reasons for rejecting the opinion of a treating physician. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

"In Social Security cases the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983). If the ALJ needed further information to evaluate the opinion of a physician, "he had a duty to conduct an appropriate inquiry, for example, by subpoenaing the physicians or submitting further questions to them." *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996). "The duty is triggered by ambiguous or inadequate evidence in the record; a specific finding of ambiguity or inadequacy by the ALJ is not necessary." *Byrne v. Colvin*, No. 13-cv-04720 JCS, 2015 WL 2062621, at *5 (N.D. Cal. May 4, 2015) (citing *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)).

The Court finds that the ALJ did not provide specific and legitimate reasons for rejecting Dr. St. Peter's opinion. The ALJ gave little weight to Dr. St. Peter's testimony "because the record does not contain any legible treatment records to support it." A.R. 32. The Court concludes that this is not a legitimate reason for rejecting the testimony. If the ALJ could not read Dr. St. Peter's notes, the ALJ had a duty to conduct an appropriate inquiry.

In addition, the ALJ's reasoning for rejecting Dr. St. Peter's opinion is not specific. The ALJ has not identified which notes he found legible and considered in forming his opinion, and which notes he disregarded because they were illegible. Thus, the Court

1  cannot review the ALJ's opinion because it is impossible to know how the ALJ came to his
2  assessment of Dr. St. Peter's credibility.
3        Thus, the Court GRANTS Morrison's motion for summary judgment and finds that
4  remand is appropriate.

## IV. CONCLUSION

The Court finds that the ALJ committed an error in failing to fully consider Dr. St. Peter's testimony. Thus, the Court REMANDS the case to the Social Security Administration for further consideration of Dr. St. Peter's opinion. If the ALJ is unable to read Dr. St. Peter's notes, the ALJ should seek to obtain legible and useful testimony from Morrison's treating physician.

**IT IS SO ORDERED.**

Dated: November 22, 2016  _____
NATHANAEL M. COUSINS
United States Magistrate Judge

Case No.15-cv-05794-NC			4